IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELITON CANO ARREGUIN,<br><br>*Petitioner*,<br><br>v.<br><br>ATTORNEY GENERAL TODD BLANCHE, *et al*,<br><br>*Respondents.* | Civil Action No. 3:26-cv-1942<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a native and citizen of Mexico, is currently detained at Moshannon Valley Processing Center. He entered the United States in 2001. Petitioner was taken into immigration custody on September 29, 2026. His removal proceedings remain ongoing. The threshold issue in his petition concerns whether he is entitled to a bond hearing under 8 U.S.C. § 1226 before an immigration judge, or whether he is subject to mandatory detention under 8 U.S.C. § 1225 pursuant to the interpretation set forth in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) or *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). Based on the United States Court of Appeals for the Third Circuit's recent decision in *Buele Morocho v. Warden Philadelphia FDC*, -- F.4th --, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the Court holds that Petitioner is entitled to relief in the form of an individualized bond hearing before an immigration judge.

AND NOW, this 2nd day of November 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within thirty (30) days of this Order, Petitioner

must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226.

IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.[1] And the Court will not award attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The key issue here is whether Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a). The Court concludes that Respondents' interpretation of § 1225(a) (i.e., that "applicant for admission" includes noncitizens like Petitioner who have already been residing in the interior of the United States), while recently rejected by the Third Circuit in *Buele*, is substantially justified. That is because a circuit split

[1] The Court accepts Respondents' representation that, "On October 22, 2026, Petitioner, through immigration counsel filed a motion to suppress evidence related to the alleged unlawful, warrantless arrest conducted by ERO. Ex. 5 (Motion to Suppress). DHS filed a response to the motion on October 28, 2026. Ex. 6 (Reply to Motion to Suppress). A decision remains pending. The next hearing before an immigration judge is scheduled for November 9, 2026, for a master calendar hearing. Ex. 7 (Case Notice)." (ECF No. 6, p. 2). The Court would note that while there does not appear to be any Fourth Amendment flaw with Petitioner's arrest, if there was, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if ... an unlawful arrest, search, or interrogation occurred." *Id.* This is to say that any Fourth Amendment flaw in Petitioner's arrest would not undermine his removal proceedings or his detention during those proceedings. Furthermore, the Court finds that it lacks jurisdiction over Petitioner's Fourth Amendment claim pursuant to 8 U.S.C. § 1252(b)(9) because Petitioner has raised his illegal arrest claim in the immigration court, and if he disagrees with that decision, he can seek a petition for review in the appropriate court of appeals. *See Khalil v. President, United States*, 164 F.4th 259, 275 (3d Cir. 2026) ("[T]o avoid getting channeled to a [petition for review], a claim must raise now-or-never questions, not just now-or-never harms." (emphasis in original)); *Babula v. Immigr. & Naturalization Serv.*, 665 F.2d 293, 295 (3d Cir. 1981) (reviewing Fourth Amendment claims related to warrantless arrests on petition for review).

exists. The Third Circuit joined the First, Second, Third, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits in holding that § 1225(a)(2) only applies to aliens who are seeking to enter the United States. The Fifth and Eight Circuits have interpreted § 1225(a) more broadly to cover those aliens present in the United States without having been admitted – i.e., noncitizens like Petitioner who have resided in the interior of the country for years. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Supreme Court of the United States has accepted the issue for review, and *Rhoney v. Barbosa da Cunha* (No. 26-104) is scheduled for oral argument during the 2026–2027 term. Therefore, attorney's fees and expenses under the EAJA are not warranted.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE